IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN EDDIE HOWLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-113-JHP-SAJ |
| ) | |
| TIM HARRIS, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**
**AND DISMISSING COMPLAINT**

On February 21, 2006, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is in custody at the Tulsa County Jail, 300 N. Denver, Tulsa, OK, and appears *pro se*. As discussed below, the Court finds Plaintiff's motion for leave to proceed *in forma pauperis* shall be granted. Plaintiff shall be required to make monthly payments until the full $250 filing fee is paid. The Court further finds that Defendant Harris is entitled to absolute immunity, and that, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**A.     Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion, the Court finds that Plaintiff has been without funds in his institutional account(s) for the period immediately preceding the filing of the complaint and is currently without funds sufficient to prepay the $250 filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full $250 filing fee as set forth hereafter.

The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $250 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of $250. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate jail official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $250 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to jail officials at the David L. Moss Criminal Justice Center.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B.  Complaint shall be dismissed**

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's pro se complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff seeks monetary relief from an immune defendant. In addition, his claim brought pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief may be granted. Therefore, the complaint shall be dismissed.

**1. Defendant Harris entitled to absolute immunity**

In this case, Plaintiff alleges that Defendant Tim Harris, the Tulsa County District Attorney, filed criminal charges against him in violation of due process. See Dkt. # 1. He states, "I am being charged with a criminal case which creating a presumption that I had knowledge that property was stolen when I presses (sic) it that's unconstitutional it violated the requirements of the due process clauses of the Federal and State constitutions." See id. In his request for relief, Plaintiff asks that "the unconstitutional charge [be] drop[p]ed and $500,000.00 for my time in jail." Id.

State prosecutors, such as Defendant Harris in this case, are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoted case omitted).  Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993)).  The Tenth Circuit Court of Appeals has repeatedly found investigative and administrative actions taken by state prosecutors to be adequately protected by the doctrine of qualified, rather than absolute immunity, and has explained that:

> In making the often "difficult distinction" between prosecutorial and non-prosecutorial activities (i.e., absolute and qualified immunity), we have held "'the determinative factor is "advocacy" because that is the prosecutor's main function.'" Pfeiffer, 929 F.2d at 1490 (quoting Rex, 753 F.2d at 843); Spielman v. Hildebrand, 873 F.2d 1377, 1382 (10th Cir. 1989).  Finally, we have applied a continuum-based approach to these decisions, stating "the more distant a function is from the judicial process and the initiation and presentation of the State's case, the less likely it is that absolute immunity will attach." Pfeiffer, 929 F.2d at 1490 (citing Snell, 920 F.2d at 687).

Gagan, 35 F.3d at 1475-76.

Applying these principles to the case at hand, the Court concludes that Defendant Harris's action in prosecuting a charge against Plaintiff is the type of conduct protected by absolute immunity.  A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process.  Imbler, 424 U.S. at 430.  Because Defendant Harris is entitled to absolute prosecutorial immunity from civil damages, he shall be dismissed from this action with prejudice.

**2. Dismissal based on Heck v. Humphrey**

"[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)); see also Smith v. Gonzales, 222 F.3d 1220, 1222 (10th Cir. 2000) (citing Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999), for proposition that "Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed.").

The Court finds that a judgment in favor of Plaintiff on his claim challenging the constitutionality of his pending charge "necessarily impl[ies] the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. Furthermore, Plaintiff has not shown that the pending charge[1] has been dismissed. As a result, any claim for damages under 42 U.S.C. § 1983 has not yet accrued and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 3. Request for dismissal of charge

In addition to money damages, Plaintiff seeks dismissal of his criminal charge presently pending in state court. If Plaintiff received the relief requested, the duration of his confinement

---

[1] Petitioner is presently charged in Tulsa County District Court, Case No. CF-2006-363, with Knowingly Concealing Stolen Property. See www.oscn.net.

would be necessarily affected. Such request lies in habeas corpus because it affects the length or duration of confinement. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241, sought after exhaustion of state remedies, rather than a complaint under 42 U.S.C. § 1983. The Court finds, therefore, that Plaintiff's request that his state charge be "dropped" shall be dismissed from this action.

**4. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, he seeks monetary relief from an immune defendant and his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.**

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Jail officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the above-cited address each time the amount in the account(s) exceeds $10 until the **$250** filing fee is paid.

3. Defendant Harris is **dismissed with prejudice** from this action based on absolute immunity.

4. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

5. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

6. The Clerk shall send a copy of this Order to jail officials at the David L. Moss Criminal Justice Center.

SO ORDERED THIS 16th day of March 2006.

*James H. Payne*
United States District Judge
Northern District of Oklahoma